MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Isaac R. Brown, | ) No. CV 1-07-1406-CKJ |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| I. Leyva, et al., | ) |
| Defendants. | ) |

Plaintiff Isaac R. Brown, who is confined in the Pelican Bay State Prison in Crescent City, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. United States Magistrate Judge Dennis L. Beck issued an Order (Doc. #15) finding that Plaintiff had stated both cognizable and uncognizable claims for relief and providing Plaintiff with an opportunity either to proceed on the viable excessive force claim or file an amended complaint that cured the deficiencies identified in the Order.

Plaintiff filed an Amended Complaint (Doc. #17). This case was reassigned to the undersigned judge on November 24, 2008. The Court will order Defendants Leyva, Sanchez and Macias to answer the excessive force claim in the Amended Complaint and will dismiss the remaining claims and Defendant Riley without prejudice.

**I.  Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

JDDL

1 § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised
2 claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
3 be granted, or that seek monetary relief from a defendant who is immune from such relief.
4 28 U.S.C. § 1915A(b)(1), (2).

**II.     Amended Complaint**

In his Amended Complaint, Plaintiff sues the following Defendants, all of whom are Correctional Officers at the Wasco State Prison in Wasco, California: I. Leyva, J. Sanchez, D. Macias, and S. Riley.

Plaintiff alleges that he was subjected to excessive force in violation of the Eighth Amendment by Defendants Leyva, Sanchez, and Macias.  He claims that Defendant Levya used excessive force when he handcuffed Plaintiff; that Defendants Leyva and Sanchez "bullcharged" Plaintiff while Plaintiff was in the shower, pinned him against the shower wall, and punched him; that Defendant Macias used excessive force when he placed Plaintiff in leg irons while Plaintiff was pinned to the ground under Defendants Leyva and Sanchez; that these Defendants carried Plaintiff face-down and hogtied for approximately 60 feet and then intentionally dropped him in a holding cell.

Plaintiff asserts that he was denied medical treatment in violation of the Eighth Amendment, because Defendants Leyva and Sanchez made false claims accusing Plaintiff of attacking them and Defendant Leyva, Sanchez, Macias, and Riley submitted perjured reports that were used to influence the medical staff to deny Plaintiff medical treatment.

Plaintiff also alleges that he has been denied due process in violation of the Fourth and Fourteenth Amendments because he has been "illegally" confined in segregation units "by denial of due process and a right to fair disciplinary hearing."  He claims that his "false imprisonment" is the result of Defendants Leyva, Sanchez, Macias, and Riley's false reports.

Plaintiff seeks injunctive relief and monetary damages.

. . . .

. . . .

. . . .

1 **III.    Failure to State a Claim**

2     **A.    Medical Care**

3        To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific
4 injury as a result of specific conduct of a defendant and show an affirmative link between the
5 injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377
6 (1976). Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519,
7 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v.
8 Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further,
9 a liberal interpretation of a civil rights complaint may not supply essential elements of the
10 claim that were not initially pled. Id.

11        Not every claim by a prisoner that he has received inadequate medical treatment states
12 a violation of the Eighth Amendment. To state a § 1983 medical claim, a plaintiff must show
13 that the defendants acted with "deliberate indifference to serious medical needs." Jett v.
14 Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104
15 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure
16 to treat the condition could result in further significant injury or the unnecessary and wanton
17 infliction of pain and (2) the defendant's response was deliberately indifferent. Jett, 439 F.3d
18 at 1096 (quotations omitted).

19        To act with deliberate indifference, a prison official must both know of and disregard
20 an excessive risk to inmate health; the official must both be aware of facts from which the
21 inference could be drawn that a substantial risk of serious harm exists and he must also draw
22 the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference in the
23 medical context may be shown by a purposeful act or failure to respond to a prisoner's pain
24 or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096.
25 Deliberate indifference may also be shown when a prison official intentionally denies,
26 delays, or interferes with medical treatment or by the way prison doctors respond to the
27 prisoner's medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

28

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. Farmer, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." Clement v. California Dep't of Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105-06.

Plaintiff has failed to demonstrate that Defendants were deliberately indifferent to his serious medical needs. It is unclear what they did to deny him medical care and it is unclear how or why their allegedly false reports influenced others to deny him medical care. Plaintiff's vague and conclusory allegations are insufficient to state a claim and, therefore, the Court will dismiss without prejudice his claim for the denial of medical care.

**B.    Due Process**

Even assuming Plaintiff has been denied a liberty interest by being confined in segregation units because Defendants filed false reports and charges against him, an "inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. The plaintiff, as all other prison inmates, has the right not to be deprived of a protected liberty interest without due process of law." Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986). An inmate who has been falsely accused can state a constitutional claim if the filing of the false report was done in retaliation for the exercise of his constitutional rights, see Hines v. Gomez, 108 F.3d 265, 267 (9th Cir.1997), or the inmate is not afforded the procedural due process safeguards required by Wolff,[1] Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984).

---

[1] Wolff v. McDonnell, 418 U.S. 539 (1974).

- 4 -

1    Plaintiff does not claim that the allegedly false charges and reports were done in
2 retaliation for his exercise of his constitutional rights.  Moveover, he alleges that he received
3 a jury trial in California's criminal courts.  <u>Wolff</u> requires nothing more.  Therefore, Plaintiff
4 has failed to state a due process claim.  The Court will dismiss without prejudice Plaintiff's
5 due process claim.

6 **IV.   Claims for Which an Answer Will be Required**

7    Liberally construed, Plaintiff has stated an Eighth Amendment excessive force claim
8 against Defendants Leyva, Sanchez, and Macias.  The Court will require those Defendants
9 to answer Plaintiff's excessive force claim.

10 **V.   Warnings**

11   **A.   Address Changes**

12    Plaintiff must file and serve a notice of a change of address in accordance with Rule
13 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure.  Plaintiff must not include
14 a motion for other relief with a notice of change of address.  Failure to comply may result in
15 dismissal of this action.

16   **B.   Copies**

17    Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u>
18 LRCiv 5-133(d)(2).  Failure to comply may result in the filing being stricken without further
19 notice to Plaintiff.

20   **C.   Possible Dismissal**

21    If Plaintiff fails to timely comply with every provision of this Order, including these
22 warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik v. Bonzelet</u>,
23 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
24 comply with any order of the Court).

25 **IT IS ORDERED:**

26    (1)   Defendant Riley is **dismissed** without prejudice.  Plaintiff's medical care and
27 due process claims are **dismissed** without prejudice.

28

(2) Defendants Leyva, Sanchez, and Macias must answer Plaintiff's excessive force claim.

(3) The Clerk of Court must send Plaintiff a service packet including the Amended Complaint (Doc. #17), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendants Leyva, Sanchez, and Macias.

(4) Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents. Plaintiff must submit with the Notice of Submission of Documents: a copy of the Amended Complaint for each Defendant, a copy of this Order for each Defendant, a completed summons for each Defendant, and a completed USM-285 for each Defendant.

(5) Plaintiff must not attempt service on Defendants and must not request waiver of service. Once the Clerk of Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of service from each Defendant or serve each Defendant.

(6) **If Plaintiff fails to return the Notice of Submission of Documents and the required documents within 30 days of the date of filing of this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.** See **Fed. R. Civ. P. 41(b).**

DATED this 20th day of January, 2009.

_____
Cindy K. Jorgenson
United States District Judge