IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC R. BROWN,<br><br>    Plaintiff,<br><br>vs.<br><br>I. LEYVA, et al.,<br><br>    Defendants. | No. 1:07-CV-1406-CKJ<br><br>**ORDER** |

The Clerk of the Court has docketed a February 9, 2010, letter from Plaintiff as a Motion for Subpoena. *See* Doc. # 43. The letter refers to discovery (North Kern State Prison Infirmary document and St. Francis Hospital document), but makes no requests regarding those documents.

The letter also indicates that Plaintiff would like to subpoena specified people and court transcripts. The Court notes that Rule 45(a)(3), Fed.R.Civ.P., provides that the clerk shall issue a subpoena, signed but otherwise in blank, to a party requesting it. Plaintiff's indigent status does not affect the applicability of this rule.

However, the issuance of subpoenas may not violate other rulings of the Court. The Court scheduled an initial discovery deadline of November 20, 2009. In setting that deadline, the Court ordered that "[n]o discovery shall take place after that date without leave of Court upon good cause shown." Doc. # 26, p. 1. At the request of the parties, the deadline was extended to February 19, 2010. It setting that deadline, the Court again ordered that "[n]o discovery shall take place after that date without leave of Court upon good cause shown."

1  Doc. # 39, p.2.  Plaintiff has not requested an extension of the deadline.  The Court finds it
2  is not appropriate, therefore, to direct the Clerk of the Court to provide the subpoenas to
3  Plaintiff.[1]

4      Accordingly, IT IS ORDERED the Motion for Subpoena [Doc. # 43] is DENIED.
5      DATED this 26th day of February, 2010.

              _____
                      Cindy K. Jorgenson
                    United States District Judge

---

[1] Moreover, the Court notes that Plaintiff is seeking to obtain transcripts by subpoena. However, the issuance of a subpoena is not the appropriate manner to obtain transcripts. Rather, transcripts could be obtained from defense/appellate counsel in the criminal matter or by purchasing the transcripts from the court reporter(s).  Another court has found that a plaintiff's "obligations, even as an indigent litigant, to finance his own litigation expenses cannot be arbitrarily thrust upon defendants." *Rivera v. DiSabato*, 92 F.Supp. 38, 40 (D.N.J. 1997).  Similarly, Plaintiff's obligations to finance his own litigation (i.e., the potential purchase of the transcripts) cannot be arbitrarily placed on a third party (i.e., the Superior Court or the court reporter).  Indeed, the United States Supreme Court has stated that "the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress[.]"  *United States v. MacCollom*, 426 U.S. 317, 321, 96 S.Ct. 2086, 2089, 48 L.Ed.2d 666 (1976).  The *in forma pauperis* statute, 28 U.S.C. § 1915, does not authorize the expenditure of public funds for an indigent party's litigation expenses, including discovery. *See e.g.*, *In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) (Section 1915 "does not give the litigant a right to have documents copied and returned to him at government expense.").