IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC R. BROWN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>I. LEYVA, et al.,<br><br>　　　　Defendants. | No. 1:07-CV-1406-CKJ<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Summary Judgment [Doc. # 45]. An opposition has been filed. No reply has been filed.

*Motion for Summary Judgment*

Plaintiff requests that, due to the defense's attempts to stall, thwart, and undermine this matter, summary judgment be awarded in his favor in the amount of $3,700. Defendants assert that the motion is not in compliance with Fed.R.Civ.P. 56 and L.R. 260. A motion for summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). The local rule provides:

> Each motion for summary judgment or summary adjudication shall be accompanied by a "Statement of Undisputed Facts" that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact. The moving party shall be responsible for the filing of all evidentiary documents cited in the moving papers.

See L.R. 133(j).

L.R. 260.

A party moving for summary judgment has the initial burden to demonstrate, "with or without supporting affidavits[,]" the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553 (1986), *quoting* Fed.R.Civ.P. 56. A material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986). The facts material in a specific case are to be determined by the substantive law controlling a given case or issue. *Id.* Summary judgment is not appropriate "where contradictory inferences may reasonably be drawn from undisputed evidentiary facts[.]" *Hollingsworth Solderless Terminal Co. v. Turley*, 622 F.2d 1324 (9th Cir. 1980). A motion for summary judgment should be denied "where the movant's papers are insufficient to support that motion or on their face reveal a genuine issue of material fact." *See Henry v. Gill Industries, Inc.*, 983 f.2d 943 (9th Cir. 1993) (discussing when no response is filed).

Plaintiff's motion does not address whether there is a genuine issue as to any material fact and whether Plaintiff is entitled to judgment as a matter of law. The Court finds Plaintiff has not sustained his burden; i.e., Plaintiff has failed to demonstrate the absence of a genuine issue of material fact or that judgment as a matter of law should be granted. The Court finds it appropriate to deny the motion.

*Joint Proposed Pretrial Order*

Additionally, the Court confirms its December 15, 2009, Order which provided that a Joint Proposed Pretrial Order is to be filed within 30 days after resolution of dispositive motions. The Court refers the parties to its May 26, 2009, Order for the form of the Joint Proposed Pretrial Order.

Accordingly, IT IS ORDERED:

1. Plaintiff's Motion for Summary Judgment [Doc. # 45] is DENIED.

2. A Joint Proposed Pretrial Order shall be filed within 30 days of this Order.

DATED this 13th day of April, 2010.

_____
Cindy K. Jorgenson
United States District Judge